IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEARBURY SHUNDRELL SMITH                                        PLAINTIFF

v.                              Civil No. 4:24-cv-04083-SOH-BAB

SHERIFF JEFF BLACK; DEPUTY SHERIFF
CODY HENSLEY; JAIL ADMINISTRATOR
RAMI COX; CORRECTIONAL OFFICER
SHANE BERRYMAN; CORRECTIONAL OFFICER
JESSICA WISE; POLICE OFFICER EDDIE WISE;
and DEPUTY SHERIFF CULLEN MATLOCK                              DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, Learbury Shundrell Smith, currently an inmate of the Lafayette County Jail, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.    BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Application") on August 2, 2024. (ECF Nos. 1, 2). The Court granted Plaintiff's IFP

1

Application on the same day.   (ECF No. 3).

In his Complaint, Plaintiff makes two claims and lists eight Defendants from Lafayette County.   (ECF No. 1, pp. 2-3).   Plaintiff uses the Court's Section 1983 Complaint Form to submit his claims.   Specifically, Plaintiff list the following Defendants under the "Defendant(s) Information" section of the Complaint form: (1) Sheriff Jeff Black; (2) Deputy Sheriff Cody Hensley; (3) Jail Administrator Rami Cox; (4) Correctional Officer Shane Berryman; (5) Correction Officer Jessica Wise; (6) Police Officer Eddie Wise; and (7) Deputy Sheriff Cullen Matlock.   (ECF No. 1, pp. 2, 3, 5).   Plaintiff also names Dr. Davis within his Claim Two.   (ECF No. 1, p. 8).   The Complaint form also prompts Plaintiff to list each Defendant involved in each of his claims.   Plaintiff indicates Defendants Berryman, Matlock, Cox, Jessica and Eddie Wise, Sheriff Black and Hensley were involved in his Claim One, and Defendants Cox and Davis were involved in his Claim Two.   (ECF No. 1, pp. 4, 8).

However, when prompted to state the facts that support each claim Plaintiff only indicated involvement of Defendants Cox, Berryman, Matlock, and Davis in his claims.   In Claim One Plaintiff states: Defendant Cox ordered Defendant Berryman to go into D-Pod and use "chemical deterrent" on Plaintiff on June 11, 2024.   (ECF No. 1, p. 6).   Plaintiff goes on to allege Defendant Matlock then put him in "Isolation."   *Id*.   Plaintiff was left in isolation for at least two hours while begging for a shower and medical treatment.   Plaintiff claims he was laughed at, called names, and forced to endure chemical burns.   From Plaintiff's Complaint, it is unclear if he was ever given the chance to shower or otherwise wash off the "chemical deterrent."   However, Plaintiff does not state any other Defendants played any part in the incident on June 11, 2024.   *Id*.   Plaintiff claims this incident was an abuse of power and excessive force in violation of his Eighth and Fourteenth Amendment rights.   *Id*.

2

Plaintiff alleges Claim One against Defendants in their individual and official capacities but does not allege any facts related to the official capacity claim. *Id.* at 7.

In Claim Two, Plaintiff alleges Defendants Cox and Davis violated his constitutional rights by denying him medical care for his tooth. *Id*. at 8. Specifically, Plaintiff alleges he submitted requests for dental care to Defendant Cox four times from June 30, 2024 through July 18, 2024. In these requests, Plaintiff stated he was in extreme pain, and could not eat or sleep. Defendant Cox responded that she put the request in Defendant Davis's doctor folder. (ECF No. 1, pp. 9-13). Plaintiff does not name any other Defendants with regards to his Claim Two. *Id.*

For his official capacity claim relating to Claim Two Plaintiff claims:

> According to written policy rules there's a standard of medical care that needs to be handled by medical authorities (licensed) due to the constant pain I was subjected to and the fact that the staff knew about it. It would be an 8th Amendment cruel and unusual punishment and 14th Amendment Equal rights under the law.

(ECF No. 1, p. 14).

Plaintiff seeks compensatory damages for mental and physical duress and to cover his medical expenses. (ECF No. 1, p. 15).

## II.    APPLICABLE STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather

than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"   *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).   )). Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

### III.    DISCUSSION

Plaintiff has sufficiently stated Claim One for excessive force against Defendants Berryman, Cox, and Matlock at this stage.   Likewise, Plaintiff has sufficiently stated Claim Two against Defendants Cox and Davis for denial of medical care at this stage.   However, he has failed to state a claim upon which relief can be granted against Defendants Black, Hensley, Jessica Wise, and Eddie Wise.   Furthermore, Plaintiff has not stated an official capacity claim under either claim upon which relief can be granted.

### A.  Personal Liability

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution.   *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009

(8th Cir. 1999).  Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).  Lastly, Defendants must have been personally involved and caused the violation alleged.  "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.  To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights."  *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006).

To state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that violated the Plaintiff's constitutionally protected rights.  Plaintiff has failed to do this here against Defendants Black, Hensley, Jessica Wise, and Eddie Wise and these Defendants should be dismissed.

## B.  Official Capacity

Plaintiff has also failed to state any official capacity claims against any Defendants. Under Section 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities.  The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity.  *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted).  "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself."  *Id.*

5

While Plaintiff alleged there are policy and standards that medical providers should follow he made no allegations that a policy, procedure, or custom of Lafayette County caused his complained of incidents.    Accordingly, Plaintiff's official capacity claims fail to state cognizable claims under Section 1983 and should be dismissed.

### IV.    CONCLUSION

For these reasons, it is recommended: (1) all claims asserted against Defendants Black, Hensley, Jessica Wise, and Eddie Wise be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and said Defendants be **DISMISSED** from this matter; and (2) all of Plaintiff's official capacity claims be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.   It is further recommended that the Complaint's Claim One for excessive force against Defendants Berryman, Cox, and Matlock and Claim Two against Defendants Cox and Davis for denial of medical care for further consideration be ordered served on these Defendants in their individual capacities.

**Status of Referral:   This case should remain referred.**

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 13th day of September 2024.

/s/ Barry A. Bryant

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE