IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEARBURY SHUNDRELL SMITH                                               PLAINTIFF

v.                              Civil No. 4:24-cv-04083-SOH-BAB

JAIL ADMINISTRATOR RAMI COX;
CORRECTIONAL OFFICER SHANE BERRYMAN;
SGT. CULLEN MADLOCK; and DR. DAVIS                                    DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's failure to prosecute. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I.  BACKGROUND

Plaintiff, Learbury Shundrell Smith, originally submitted this 42 U.S.C. 1983 action *pro se* along with an Application to proceed *in forma pauperis* ("IFP") on August 2, 2024. (ECF No. 1-2). The Court granted Plaintiff IFP status on the same day. (ECF No. 3).

On October 22, 2024, Separate Defendant Davis filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. (ECF No. 21). As is the Court's policy, it ordered Plaintiff to respond to Defendant Davis's Motion to Dismiss by November 13, 2024. (ECF No. 27). Plaintiff was advised in this Order that failure to comply and respond by the deadline would subject this case to dismissal. *Id.*

On November 5, 2024, Plaintiff filed a Motion requesting the Court enforce the settlement offer made to Plaintiff by Defendant Davis. (ECF No. 28). Plaintiff did not make any response to Defendant Davis's Motion to Dismiss in this filing.

On November 14, 2024, the Court entered an Order to Show Cause because Plaintiff failed to file a response to Defendant Davis's Motion to Dismiss. (ECF No. 29). Plaintiff was again advised that failure to show cause why he failed to respond to Defendant Davis's Motion to Dismiss would subject this case to dismissal. *Id.*

On February 6, 2025, the Court entered an Order denying Plaintiff's November 5, 2024 Motion seeking enforcement of the settlement offer. (ECF No. 32). In this Order, the Court explained, Defendant Davis did not make Plaintiff a settlement offer and Plaintiff did not have a court appointed attorney in this matter. The Court went on to remind Plaintiff he was ordered to respond to Defendant Davis's Motion to Dismiss and failed to do so. Finally, the Court provided Plaintiff another opportunity to respond to Defendant Davis's Motion to Dismiss. *Id.*

On March 21, 2024, Plaintiff filed a Motion for Payment of Damages. (ECF No. 34). In this Motion, Plaintiff again seeks to enforce the damage award he believes Defendant Davis has offered him in his Answer. *Id.*

On March 24, 2025, the Court entered an Order denying Plaintiff's March 21, 2024 Motion as moot because Plaintiff was not offered a settlement. (ECF No. 35). The Court provided Plaintiff with one final opportunity to respond to Defendant Davis's Motion to Dismiss and prosecute this case. Plaintiff was given until April 14, 2025 to respond to Defendant Davis's Motion to Dismiss and advised failure to do so could result in dismissal of this case. *Id.*

Plaintiff failed to respond and has not filed any other filings since his March 21, 2025 Motion.

## II. DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. FED. R. CIV. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court

3

must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has failed to comply with the Court's Orders herein. Despite four Orders from the Court directing Plaintiff to respond to Defendant Davis's Motion to Dismiss, Plaintiff refuses to do so. However, the Court does not find dismissal with prejudice is warranted. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Orders.

### III.   CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby recommends Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**REFERRAL STATUS: The referral in this case shall be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 6th day of June 2025.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE